UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JASMIN R.,

                       Plaintiff,

v.                                                                               CASE # 20-cv-01703

COMMISSIONER OF SOCIAL SECURITY,

                       Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>600 North Bailey Ave<br>Suite 1A<br>Amherst, NY 14226 | AMY C. CHAMBERS, ESQ.<br>KENNETH R. HILLER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | FERGUS J. KAISER, ESQ.<br>PADMA GHATAGE, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

### MEMORANDUM-DECISION and ORDER

      The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

I.   **RELEVANT BACKGROUND**

   A.   **Factual Background**

Plaintiff was born on September 30, 1977 and has at least a high school education. (Tr. 39, 41, 193, 209). Generally, plaintiff's alleged disability consists of chronic migraines, depression, anxiety, tinnitus, vertigo, and high blood pressure. (Tr. 208). Her alleged onset date of disability is December 24, 2013, and date last insured was December 31, 2017. (Tr. 193).

   B.   **Procedural History**

On February 3, 2014, plaintiff protectively filed a Title II application for a period of disability insurance benefits and Title XVI application for supplemental security income beginning December 24, 2013. (Tr. 20). The applications were initially denied on April 7, 2014. (Tr. 20). Plaintiff timely filed a written request for a hearing on April 11, 2014. (Tr. 20). She appeared at an initial video hearing held on March 31, 2016, before Administrative Law Judge (ALJ) Carl E. Stephan. (Tr. 36-59). ALJ Stephan issued an unfavorable decision on June 17, 2016, finding that plaintiff was not disabled. (Tr. 17-35). On May 18, 2017, the Appeals Council (AC) denied plaintiff's request for review of the ALJ's decision. (Tr. 1-6). Plaintiff appealed to the United States District Court (USDC) which ordered the case remanded for further proceedings. (Tr. 797, 899- 903). On remand, plaintiff appeared in person and with counsel at a hearing on June 17, 2020. (Tr. 824-882). ALJ Mary Sparks issued an unfavorable decision on September 15, 2020, finding that plaintiff was not disabled. (Tr. 794-823). The plaintiff sought direct judicial review in this Court.

   C.   **The ALJ's Decision**

Generally, in her decision, ALJ Sparks made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2017.

2. The claimant has not engaged in substantial gainful activity since December 24, 2013, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.).*

3. The claimant has the following severe impairments: degenerative changes in the cervical and lumbar spine, hypertension, migraine headaches, obesity, sleep apnea, vertigo, generalized anxiety disorder, and mood disorder and obesity (20 CFR 44.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: claimant requires the option to sit or stand alternatively at will provided she is not off task more than 10% of the workday; clamant ca never be exposed to unprotected heights; requires a work environment with a noise intensity level of 3 or lower and is limited to performing simple, repetitive jobs defined as those having no more than one or two tasks as defined by the U.S. Department of Labor, Employment and Training Administration in the Revised Handbook for Analyzing Jobs and they must be low stress jobs, defined as those having no more than occasional decision making required and no more than occasional change in the work setting.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on September 30, 1977, and was 36 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled" whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from December 24, 2013, through the date of the decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 794-816).

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

Plaintiff argues the ALJ improperly explained Dr. Miller's medical opinion and evidence resulting in a residual functional capacity (RFC) that was not supported by substantial evidence. Plaintiff also argues the ALJ failed to properly explain plaintiff's episodic limiting effects from combined physical and mental conditions. (Dkt. No. 10 at 3)

### B.     Defendant's Arguments

In response, defendant argues the ALJ properly evaluated the opinion evidence and all limitations from alleged impairments in assessing plaintiff's RFC. (Dkt. No. 12).

## III.    RELEVANT LEGAL STANDARD

### A.     Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

B.   **Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3)

5

whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV. ANALYSIS

The residual functional capacity (RFC) is an assessment of "the most [plaintiff] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ is responsible for assessing plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what plaintiff can still do, provided by any medical sources. *Id.* §§ 404.1527(d), 404.1545(a)(3), 404.1546(c). It is within an ALJ's discretion to compare and contrast the various medical opinions, along with all other relevant evidence, to resolve the conflicts in the evidence and determine plaintiff's RFC. *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002).

In her decision, ALJ Sparks found plaintiff was capable of performing a range of light work, specifically, light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the additional limitations of:

> claimant requires the option to sit or stand alternatively at will provided she is not off task more than 10% of the workday; clamant ca never be exposed to unprotected heights; requires a work environment with a noise intensity level of 3 or lower and is limited to performing simple, repetitive jobs defined as those having no more than one or two tasks as defined by the U.S. Department of Labor, Employment and Training Administration in the Revised Handbook for Analyzing Jobs and they must be low stress jobs, defined as those having no more than occasional decision making required and no more than occasional change in the work setting. (Tr. 528).

Plaintiff argues the ALJ used improper selective reading and lay opinion and did not properly explain all portions of consultative examiner Dr. Miller's opinion. Specifically, plaintiff notes that Dr. Miller plaintiff was able to occasionally lift up to 20 pounds, sit for two hours at a time and up to eight hours total in a workday, stand or walk for one hour each at a time, and stand or walk for a total of four hours each in an eight-hour workday (Dkt. No. 10 at 20-21). Additionally, plaintiff asserts that light work generally requires the ability to stand and walk for six hours in an eight-hour workday, and frequently lift ten pounds (*Id.* at 20). *See* 20 C.F.R. §§ 404.1567(b), 416.967(b); SSR 83-10. Contrary to plaintiff's argument, the ALJ's RFC did not need to perfectly correlate with an opinion of record. S*ee Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole."). The ALJ reasonably found Dr. Miller's opinion to be somewhat persuasive as it was a one-time exam and was not fully consistent with plaintiff's treatment records and clinical findings over the time period at issue. (Tr. 813). *Cf. Selian v. Astrue*, 708 F.3d 409, 419 (2d Cir. 2013) ("We have previously cautioned that ALJs should not rely heavily on the findings of consultative physicians after a single examination.").

Light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday and sitting may occur intermittently during the remaining time. SSR 83-10. Dr. Miller opined that, in an eight-hour workday, plaintiff was capable of standing for a total of four hours and walking for a total of four hours. (Tr. 778). As such, Dr. Miller determined that plaintiff was capable of walking and standing for a total of eight hours in a workday, well in excess of the six hours required for light work. Here, the ALJ included in the RFC determination that

7

plaintiff be permitted the option to alternate between sitting and standing to accommodate the intermittent sitting and with walking or standing as permitted under the SSR.

Plaintiff also argues the ALJ ignored lifting and carrying limitations opined by Dr. Miller. Light work is defined as lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. SSR 83-10. Dr. Miller found that plaintiff could occasionally lift and carry up to 20 pounds. (Tr. 777). While Dr. Miller opined that plaintiff could only occasionally lift and carry up 10 pounds, rather than frequently, an ALJ need not adopt every conclusion offered by a single medical source. *See Veino*, 312 F.3d at 588 (an ALJ is free to reject portions of medical opinion evidence not supported by, and even contrary to, objective evidence of record while accepting those portions supported by the record). On the physical medical source statement form, Dr. Miller checked the boxes for the ability to lift and carry up to 10 pounds as argued by plaintiff, but plaintiff neglects to mention that Dr. Miller also checked off the boxes for 10 to 20 pounds occasionally. (Tr. 777). Indeed, in the narrative portion of the opinion, Dr. Miller indicates only that plaintiff had a "limitation with repetitive heavy lifting." (Tr. 776). ALJ Sparks expressly stated that Dr. Miller's opinions were "only somewhat persuasive as it [was] based on a cursory one-time examination and largely upon subjective complaints of the claimant" (Tr. 813). *See* 20 C.F.R. §§ 404.1529(a), 416.929(a) ("statements about your pain or other symptoms will not alone establish that you are disabled"). The ALJ appropriately analyzed the opinion of Dr. Miller and her analysis was sufficient for the Court to follow her rationale for not accepting all limitations opined.

Additionally, plaintiff contends the ALJ's off task percentage was not supported by substantial evidence. (Dkt. No. 10 at 25). A review of the transcript however indicates the 10% language was raised in connection with the sit-stand option, not an off-task limitation for 10% of

the day. The ALJ specifically noted that plaintiff "requires the option to sit or stand alternatively at will provided she is not off task more than 10% of the workday" (Tr. 806; *see also* Tr. 879 ("would require the option to sit or stand alternatively at will provided they're not off task more than ten percent of the workday")). The ALJ was not stating plaintiff would be off task more than 10% of the day.

As it pertains to the plaintiff's migraines and contrary to her arguments, ALJ expressly indicated that the record shows plaintiff's headaches had improved on medication and plaintiff denied frequent headaches on multiple occasions. (Tr. 788, 810, 1114, 1125, 1141). Plaintiff does not identify any evidence requiring a more limited RFC than found by the ALJ. Plaintiff lists her alleged impairments but fails to cite evidence of disabling limitations. (Dkt. No. 10 at 26-27). It is the plaintiff who bears the burden not only to establish a more restrictive RFC than that determined by the ALJ, *see* 20 C.F.R. §§ 404.1512(a) and 416.912(a); *Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018); *Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009), but also to ultimately prove that he was disabled throughout the period for which benefits are sought, 20 C.F.R. §§ 404.1512(a) and 416.912(a); *Greek v. Colvin*, 802 F.3d 370, 374 (2d Cir. 2015).

Under the substantial evidence standard of review, it is not enough for plaintiff to merely disagree with the ALJ's weighing of the evidence or to argue that the evidence in the record could support her position; she must show that no reasonable factfinder could have reached the ALJ's conclusions on this record. *See Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013) ("[W]hether there is substantial evidence supporting the appellant's view is not the question here; rather, we must decide whether substantial evidence supports the ALJ's decision" (citations omitted)). In this case, the ALJ's decision is supported by substantial evidence and is affirmed.

**ACCORDINGLY, it is**

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 12) is **GRANTED.**

Dated: October 21, 2022  
Rochester, New York

_J. Gregory Wehrman_  
HON. J. Gregory Wehrman  
United States Magistrate Judge